FILED
2019 Jan-16 PM 04:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| WENDELL DWAYNE O'NEAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:18-cv-0479-TMP |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the court on the Motion to Dismiss Plaintiff Wendell O'Neal's First Amended Complaint, filed by the defendant Commissioner of Social Security on August 15, 2018. (Doc. 36). The Commissioner of Social Security ("Commissioner") argues that Plaintiff's First Amended Complaint[1] should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because the plaintiff

---

[1] The court is mindful of the Eleventh Circuit's vigorous objections to so-called "shotgun pleadings," having itself been chastised for not *sua sponte* requiring a group of plaintiffs to amend a complaint to more clearly allege their claims. See *Colburn v. Odom*, 911 F.3d 1110 (11th Cir. 2018). Here, however, the court is caught between the circuit court's disdain for "shotgun pleadings" and the Supreme Court's solicitude for *pro se* plaintiffs. See *Sause v. Bauer*, ___ U.S. ___, 138 S. Ct. 2561, 2563, 201 L. Ed. 2d 982 (2018). A wise but cynical man once observed, "Damned if you do, damned if you don't." Perhaps the judicial Olympians will take this as a plea for patience from us mortals laboring in the fields of justice with our blunt instruments.

has failed to establish that the court has subject matter jurisdiction over his claims. (Doc. 36, p.1). The court construes the motion to dismiss as a motion for summary judgment because the motion is supported by materials outside of the pleadings and it involves issues that are intertwined with the merits of the plaintiff's claims.[2] The court informed the *pro se* plaintiff of the nature of summary judgment, provided him with a detailed notice of Rule 56(c), and offered him a chance to supplement his response. (Doc. 39) (issuing notice and explanation). The matter has been fully briefed. The parties have consented to dispositive jurisdiction by a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c). (Doc. 37).

## SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions

---

[2] "When the jurisdictional basis of a claim is intertwined with the merits, the district court should apply a Rule 56 summary judgment standard when ruling on a motion to dismiss which asserts a factual attack on subject matter jurisdiction." *Lawrence v. Dunbar*, 919 F.2d 1525, 1530 (11th Cir. 1990).

on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 47 U.S. 317, 323 (1986) (quoting former Fed. R. Civ. P. 56(c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* at 323.

Once the moving party has met its burden, Rule 56 "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting former Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. *Celotex*, 477 U.S. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an

element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court "shall" grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 246. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52; *see also Bill Johnson's Restaurants, Inc. v. N.L.R.B.,* 461 U.S. 731, 745 n. 11 (1983).

However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The evidence supporting a claim must be "substantial," *Marcus v. St. Paul Fire and Marine Ins. Co.*, 651

4

F.2d 379 (5th Cir., Unit B, 1981); a mere scintilla of evidence is not enough to create a genuine issue of fact. *Young v. City of Palm Bay*, 358 F.3d 859, 860 (11th Cir. 2004); *Kesinger ex rel. Estate of Kesinger v. Herrington*, 381 F.3d 1243, 1249-50 (11th Cir. 2004). If the non-movant's evidence is so thoroughly discredited by the rest of the record evidence that no *reasonable* jury could accept it, the evidence fails to establish the existence of a genuine issue of fact requiring a jury determination. *See Scott v. Harris*, 550 U.S. 372, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007) ("Respondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have reviewed the facts in the light depicted by the videotape."); *Lewis v. City of West Palm Beach, Fla.*, 561 F.3d 1288, 1290 n. 3 (11th Cir. 2009). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249 (citations omitted); *accord Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 255. The non-movant need not be given the benefit of every inference but only of

every reasonable inference. *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n. 12 (11th Cir. 1988).

A court may also take judicial notice of filings in its own records and the records of other courts. "Even though a court may take judicial notice of a 'document filed in another court... to establish the fact of such litigation and related filings,' a court cannot take judicial notice of factual findings of another court." *Grayson v. Warden, Comm'r, Alabama DOC*, 869 F.3d 1204, 1225 (11th Cir. 2017) (quoting *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998)).

**FACTS**

Viewing the facts in the light most favorable to the non-moving party, in this case the plaintiff, the following facts are relevant to the motion for summary judgment.

Plaintiff alleges that he first filed an application for Supplemental Security Income (SSI) in October of 1995. He has provided no further information about the pendency or resolution of that application other than to say that he called and spoke to an employee of the Commissioner at a later date, and they disputed whether the plaintiff had ever filed an appeal. O'Neal filed a second application for SSI on September 14, 1999. This application was denied by an Administrative Law Judge

on June 26, 2001. Plaintiff sought review by the Appeals Council, and that request for review was denied on September 25, 2001. He was notified of his right to file a civil action in District Court within 60 days. There is no indication in this record that he sought judicial review of that determination.

O'Neal filed for SSI for a third time on November 21, 2001. That claim was granted by the Commissioner, the plaintiff was determined to be disabled, and he began receiving SSI benefits. Upon discovering that he was not going to receive SSI benefits back to 1995, O'Neal filed an action in the Northern District of Alabama in 2005. *See O'Neal v. Barnhart*, No. 5:05-cv-2127-VEH (N.D. Ala.). The Social Security Administration was unable to locate the plaintiff's file from his 1999 application, and the case was remanded, on the Commissioner's motion to remand, so that the relevant information could be located. The Appeals Council remanded the claim on March 27, 2006, when the Commissioner was unable to locate the paper file from Plaintiff's 1999 application. The ALJ issued a favorable decision on January 11, 2008, that found that the plaintiff was disabled from the application date on September 14, 1999. Consequently, O'Neal received back benefits for the time period from September 14, 1999, through November 21, 2001, when his subsequent application was approved. This finding was affirmed by the

District Court in an opinion dated April 26, 2012.[3]

On January 25, 2018, the Commissioner notified O'Neal that his disability status was going to be re-determined. On February 22, 2018, in a telephone conversation with a Social Security employee identified only as "Amy, ID 3009," O'Neal claims to have learned for the first time that he had filed an application for SSI benefits as early as October 1995, yet had received benefits only from September 14, 1999. The Commissioner issued a notice on March 20, 2018, finding that the plaintiff was no longer disabled and notifying him that he would no longer receive SSI. Plaintiff was notified at that time that he had 60 days to request reconsideration. O'Neal requested reconsideration, and that request was still pending as of the last notification of the Commissioner on June 26, 2018. Plaintiff filed this action on March 27, 2018.

Between January and May of 2018, Plaintiff submitted two Freedom of Information Act requests through an online portal and via certified mail as part of his documentation filed in his pending appeal. These were treated as requests for information under the Privacy Act because the plaintiff requested documents related to his own case. On February 1, 2018, Plaintiff visited the local Social Security

---

[3] The court notes that in the complaint filed by the plaintiff in O'Neal v. Barnhart, No. 5:05-cv-2127-VEH (N.D. Ala. 2005), he affirmatively alleged at ¶ 18 that, "Plaintiff has no other SSA claim, or determination, for benefits, other than 14 September 99; therefore, his disability date, beginning, should be the same, in which case; he now claims entitlement to back benefits commencing aforesaid date." (All as in original).

office and was given printed copies of all available electronic records in his file. The Commissioner acknowledges that the Plaintiff's paper file folder for matters occurring before 2001 is lost and unavailable. Plaintiff believes that there should have been more documents in his file, especially documents related to treatment by Dr. Foung Lo and his October 1995 application for SSI benefits. He also contends that he mailed a Freedom of Information Act request to the headquarters of the Social Security Administration in Baltimore, but has received no response related to it.

## DISCUSSION

In his First Amended Complaint, O'Neal raises a hybrid Social Security disability claim and a tort claim and seeks monetary and compensatory damages against the Commissioner for "fraudulent concealment of material facts to deny back pay." (Doc. 9, p. 7). There are several ways to construe the multiple claims being made by the Plaintiff. First, he may be seeking judicial review of a determination by the Commissioner either that he is entitled to disability benefits beginning only in September 1999, not the earlier date of October 1995. In this same vein, he may be seeking judicial review of a determination by the Commissioner that, as of January 2018, he is no longer disabled and his disability benefits should end.

Next, the court may construe his claim as brought pursuant to the Federal Tort Claims Act. In particular, he may be claiming that the Commissioner has fraudulently and maliciously deprived him of back benefits accruing since his first application for benefits in October 1995. Here he contends the Commissioner fraudulently failed to reveal to the court in *O'Neal v. Barnhart* that his onset of disability began before September 14, 1999, by failing to tell the court that he had filed an earlier application for disability benefits in October 1995.

Plaintiff also brings a claim pursuant to the Freedom of Information Act for "fraudulent concealment of information." (Doc. 9, p. 13). In essence the plaintiff is alleging that he filed FOIA requests related to his disability determinations, and the Commissioner did not adequately respond to those requests.

O'Neal has invoked the jurisdiction of the court pursuant to 28 U.S.C. § 1332 due to diversity of citizenship. (Doc. 9, p. 2). As a threshold matter, diversity jurisdiction does not exist in a suit by a citizen against the United States. See 28 U.S.C. § 1332.[4] However, because his claims implicate federal statutes, the court will evaluate Plaintiff's claims pursuant to its federal-question jurisdiction under 28

---

[4] By its explicit terms, 28 U.S.C. § 1332 vests the district courts with subject-matter jurisdiction over cases involving (1) disputes between citizens of different States, (2) disputes between a citizen of a State and a citizen of a foreign country, (3) and disputes between a citizen of a State and a foreign country. The United States is not a citizen of a State or a foreign country; thus, § 1332 does not create original jurisdiction in this instance.

U.S.C. § 1331.[5]

A. Social Security Act Claims and Tort Claims

Plaintiff is seeking a "declaratory judgment and order vacating Defendant back pay judgment for fraudulent concealment of information to deny back pay beginning October 1995." (Doc. 9, p.18). He seeks punitive damages and payment of disability benefits from October 1995 through September 1999. (Doc. 9, p. 18-20). He contends that the award of disability benefits in the court's earlier case of *O'Neal v. Barnhart*, No. 5:05-cv-2127-VEH (N.D. Ala. 2005), in which the court affirmed the Commissioner's award of disability back to an onset date of September 14, 1999, should be set aside because the Commissioner fraudulently failed to reveal to the court that O'Neal first applied for disability benefits in October 1995. He contends he is entitled to back benefits covering the period from October 1995 to September 14, 1999.

The Social Security Act ("Act") limits the extent to which courts may review decisions that arise under the Act. 42 U.S.C. § 405(g). The Act provides that a party may seek judicial review of a "final decision of the Commissioner of Social Security" in the District Court within 60 days. 42 U.S.C. § 405(g). The Act further clarifies that § 405(g) is the sole mechanism under which the court has

---

[5] 28 U.S.C. § 1331 vests district courts with subject-matter jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States."

jurisdiction to review claims that arise under the Act. *See* 42 U.S.C. § 405(h); *Heckler v. Ringer*, 466 U.S. 602, 614-5, 104 S. Ct. 2013, 80 L. Ed. 2d 622 (1984). Specifically, the Act forbids any action brought under 42 U.S.C. § 1331 for any claims arising under the Act. 42 U.S.C. § 405(h). The Supreme Court has found that the "arising under" language in § 405(h) is very broad and "extends to any 'action' seeking 'to recover on any Social Security claim'…" *Weinberger v. Salfi*, 422 U.S. 749, 762, 95 S. Ct. 2457 45 L. Ed. 2d 522 (1975). This precludes claims brought under the Federal Tort Claims Act ("FTCA") where the civil action operates as an attempt to obtain Social Security benefits. *Raczkowski v. U.S.*, 138 F. App'x 174, 174-175 (11th Cir. 2005) (holding that pro se plaintiff's attempt to bring suit under the FTCA for the denial of SSI benefits was barred by 42 U.S.C. § 405).

In the case pending before the court, O'Neal's claims clearly arise under the Social Security Act and thus are prohibited by the plain language of § 405(g) and §405(h) to the extent he seeks relief under the FTCA. His claims all stem from the Commissioner denying SSI benefits and refusing to find that he was entitled to benefits back to October 1995. <u>See</u> (Doc. 9). Plaintiff has not alleged that he is appealing a final decision of the Commissioner within the time frame permitted by the Act. In fact, the only decision that has been made by the Commissioner in the relevant time frame is the decision to *discontinue* O'Neal's benefits on March 20,
12

2018. However, the Plaintiff has neither presented this to the court as a final decision nor alleged that he is challenging that finding.

Furthermore, the decision to award back benefits only to September 14, 1999, has already been litigated fully. On April 26, 2012, this court entered an order affirming the Commissioner's decision that the plaintiff was disabled and entitled to disability benefits commencing on September 14, 1999. *O'Neal v. Barnhart*, No. 2:05-cv-2127-VEH (N.D. Ala. April 26, 2012). If the plaintiff disputed this finding, the proper time to raise that issue would have been on an appeal. Indeed, in March of 2018, O'Neal filed a Rule 60 motion in the case no. 2:05-cv-2127-VEH, arguing that the Commissioner had committed fraud on the court when it was represented that the onset date of his disability was September 14, 1999, even though he had filed a separate, earlier claim for disability in October 1995.[6] The Rule 60 motion was denied. Plaintiff is not permitted to litigate the claims again here.

At this juncture of the case, the court accepts all of the plaintiff's allegations as true. However, the court is simply without jurisdiction to consider the merits of

---

[6] It must be noted that, except for the plaintiff saying that a Social Security employee identified only as "Amy, ID. 3009" told him that he filed an application in October 1995, the court has no other information about this claim. Presumably the claim was denied, or plaintiff would have been receiving benefits since that date. It is not known whether a hearing was conducted before an ALJ, or review by the Appeals Council or a district court occurred. Plainly, the time for properly litigating this application is long gone.

his claim or grant the relief that plaintiff is seeking. Where, as here, the law specifically removes an action from the jurisdiction of the court, the court has no option but to dismiss the claim for want of subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

B. Freedom of Information Act ("FOIA")

O'Neal also alleges that the Commissioner "withheld business records sought under the FOIA to fraudulently conceal first favorable disability determination…." (Doc. 9, p.1). Plaintiff seeks monetary damages for intentionally withholding the requested documents.[7] (Doc. 9, p. 20). The Commissioner alleges that the plaintiff was supplied all of the documents that were requested with the exception of some documents that are lost. (Doc. 36, p. 16).

This court's jurisdiction under FOIA derives from a showing that the agency improperly withheld records requested by the plaintiff. *Brown v. U.S. Dept. of Justice*, 169 F. App'x 537, 540 (11th Cir. 2006) (citing *Kissinger v. Repts. Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). The FOIA-implementing

---

[7] Of course, FOIA does not provide for any award of monetary damages. "Because FOIA does not allow claims for monetary damages, Plaintiff's request for damages fails." *Lewis v. Dep't of the Army*, No. CV 115-133, 2016 WL 5219630, at *2 (S.D. Ga. Sept. 21, 2016) citing *Ajamu v. U.S. Postal Serv.*, No. 6:13-cv-Orl-28KRS, 2014 WL 169830, at *6 (M.D. Fla. Jan. 10, 2014) ("FOIA does not allow for an award of damages."); *Cornucopia Inst, v. U.S. Dep't of Agric.*, 560 F.3d 673, 675 n.1 (7th Cir. 2009) ("Plaintiffs are not entitled to monetary damages for violations of FOIA because 5 U.S.C. § 552(a)(4)(B) authorizes only injunctive relief."); *Gonser v. United States*, No. 5:00CV298-3, 2001 WL 721818, at *7 (N.D. Ga. May 17, 2001) ("[T]he FOIA does not provide for the recovery of money damages ....").

regulations by the Social Security Administration ("SSA") are available at 20 C.F.R. Part 401 and 402. See 20 C.F.R. § 401.5, 402.5. These regulations describe the ways in which an individual may access records in the possession of the agency. 20 C.F.R. § 401.5. When an individual requests his or her own records that are maintained in a system of records, those requests are processed first under the Privacy Act. 20 C.F.R. § 402.15. These requests may be made by visiting a local Social Security office or writing to the manager of the SSA system of records. 20 C.F.R. § 401.40. Then, to the extent that the record is not one that must be released under the Privacy Act, the agency will also undertake a FOIA analysis to determine if release is required under FOIA. Id.

After receipt of a FOIA request, the agency has ten business days to determine whether to comply with the request and to notify the requester of the decision and the right to appeal. 5 U.S.C. § 552(a)(6)(A)(i). If an appeal is received, the agency has twenty business days to respond. 5 U.S.C. § 552(a)(6)(A)(ii). After the appeal, a party may seek judicial review of an adverse decision. *Id.* However, before a requesting party may seek intervention of the court to enforce a FOIA request, the party must exhaust all available administrative remedies. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (citing *Dresser Indus., Inc. v. United States*, 596 F.2d 1231, 1238 (5th Cir.1979); *Hedley v. United States*, 594 F.2d 1043,

1044 (5th Cir.1979) (*per curiam*); *Spannaus v. U.S. Dept. of Justice*, 824 F.2d 52, 58 (D.C.Cir.1987); *In re Steele*, 799 F.2d 461, 465 (9th Cir.1986); *Brumley v. U.S. Dept. of Labor*, 767 F.2d 444, 445 (8th Cir.1985) (*per curiam*); *Stebbins v. Nationwide Mutual Ins. Co.*, 757 F.2d 364, 366 (D.C. Cir.1985); *Cazalas v. United States Dept. of Justice*, 660 F.2d 612 (5th Cir.1981).

Plaintiff presents the court with only his allegations that he submitted FOIA requests through the online portal and via certified mail to Baltimore. (Doc. 9, p. 15). The defendants have agreed that they received two FOIA requests through an online portal, but state that they never received requests via mail sent to Baltimore. (Doc. 36, p. 17-8). All of the requests they received would have been processed as normal requests for information under the Privacy Act pursuant to agency regulations in 20 C.F.R. § 402.15 because Plaintiff requested documents from his own file. Id. at 16. The Commissioner asserts that all of the documents related to the plaintiff's case were given to him when he visited the Huntsville SSA office on February 1, 2018. Id. at 16. Although the paper records prior to 2001 are lost, the Commissioner asserts that available electronic records were printed and given to O'Neal. The Commissioner also has contended to the court that there are no records in their possession that relate to the plaintiff's treatment by Dr. Lo. *Id.* While the court construes all facts in favor of the plaintiff on a motion for summary

16

judgment, the plaintiff still has the burden to demonstrate to the court that agency records were withheld.  *See Brown v. U.S. Dept. of Justice*, 169 F. App'x 537, 540 (11th Cir. 2006). The plaintiff simply has failed to demonstrate to the court that any agency records were withheld.  Because the FOIA claim appears to be moot, this court is without jurisdiction over it.

## CONCLUSION

The court has found that the plaintiff has failed to show that the court has the subject-matter jurisdiction to hear any of his claims.  Accordingly, the complaint is due to be dismissed in its entirety.  A separate order will be entered.

DONE this 16th day of January, 2019.

_____
T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE